**Zikun CHANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71240.

Agency No. A75–715–259.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Office of the District Counsel, Department

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Jeremiah M. Luongo, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM**

■ Zikun Chang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the immigration judge's ("IJ") denial of Chang's applications for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the Convention Against Torture ("CAT"). We lack jurisdiction to review the IJ's determination that Chang is ineligible for asylum because she failed to apply within one year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(3); *see also Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). Under 8 U.S.C. § 1252, we have jurisdiction to review the IJ's denial of withholding of removal under section 1231(b)(3) and under CAT. We review for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and we dismiss the petition in part, and deny it in part.

■ The IJ observed that Chang's answers to questions were frequently nonresponsive and her demeanor in responding on cross-examination indicated that she was reciting from a script she had memor-

ized. We give "special deference" to a credibility determination based on demeanor. *Id.* at 1151. We find no reason to discount the IJ's reliance on Chang's demeanor and conclude that substantial evidence supports the IJ's denial of relief. *See id.*

Chang's contention that the BIA's summary affirmance without opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

